UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

COREY ASKEW #248480,

Plaintiff,

v

VICKI McCABE, *et al.*,

Defendants.

NO. 2:08-cv-13567

HON. DENISE PAGE HOOD

MAG. MICHAEL HLUCHANIUK

Corey Askew #248480
*In Pro Per*
Alger Correctional Facility
N6141 Industrial Park Drive
Munising, MI 49862

Christine M. Campbell (P31138)
Attorney for MDOC Defendants
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021

**DEFENDANTS' MOTION TO REVOKE**
**PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**

Defendants Christopher Crysler, Peggy Carberry and Denver McBurney, by counsel, pursuant to 28 U.S.C. §1915(g), Fed. R. Civ. P. 12(b)(1), or alternatively, 12(b)(6), move the Court to enter its Order revoking Plaintiff's *in forma pauperis* status, based upon the following grounds:

1. The Plaintiff in this action was allowed to proceed without a prepayment of fees.

2. The Plaintiff has filed lawsuits on three or more occasions that were dismissed as frivolous or for failure to state a claim, which constitute strikes.

3. The three strikes existed before this case was filed; therefore, this action could not be allowed to proceed without full payment at the time of filing, and the case must now be dismissed.

4. Concurrence in this motion has not been sought because Plaintiff is an incarcerated prisoner proceeding in *pro se*.

THEREFORE, Defendants move the Court to enter its order revoking Plaintiff's *in forma pauperis* status.

Respectfully submitted,

Michael A. Cox
Attorney General

*s/ Christine M. Campbell*
CHRISTINE M. CAMPBELL (P31138)
Assistant Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
Email: campbellC3@michigan.gov
(517) 335-7021
[P31138]

Date: June 8, 2010

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

COREY ASKEW #248480,

Plaintiff,

v

VICKI McCABE, *et al.*,

Defendants.

NO. 2:08-cv-13567

HON. DENISE PAGE HOOD

MAG. MICHAEL HLUCHANIUK

Corey Askew #248480
*In Pro Per*
Alger Correctional Facility
N6141 Industrial Park Drive
Munising, MI 49862

Christine M. Campbell (P31138)
Attorney for MDOC Defendants
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**

Michael A. Cox
Attorney General

Christine M. Campbell (P31138)
Assistant Attorney General
Attorneys for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
Phone: (517) 335-7021
Email: campbellc3@michigan.gov
[P31138]

Date: June 8, 2010

## CONCISE STATEMENT OF ISSUES PRESENTED

**I. A prisoner is not entitled to proceed *in forma pauperis* if the prisoner has had three or more lawsuits dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff has had three lawsuits dismissed for one of those reasons, since he is in fact the plaintiff in *Askew v. Berrien County Jail*, No. 1:94-cv-663. Should the Court revoke Plaintiff's *in forma pauperis* status in this case?**

**Defendants answer: "Yes."**

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

An inmate with three strikes is required to pay the full filing fees for civil actions and appeals. *In Re Alea*, 286 F.3d 378, 380 (6th Cir. 2002) (internal citations omitted). "A prisoner who has filed prior civil actions should be aware of the dispositions of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue", and is required to apprise the court of his prior civil and appellate filings when he files his complaint and moves for permission to proceed *in forma pauperis*. *In Re Alea*, 286 F.3d at 382. "[D]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

If a court has improvidently granted an inmate's request to proceed *in forma pauperis*, the status should be revoked and the complaint dismissed. See, *McFadden v. Parpan, et al.*, 16 F. Supp. 2d 246, 247 (E.D. N.Y. 1998) (citing *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997)).

**STATEMENT OF THE FACTS**

In this lawsuit,[1] Plaintiff alleges that on November 23, 2006, MDOC staff sprayed a chemical agent into cell #37 and it spread to his cell, #9. He claims he asked to be removed from his cell before the chemical agent was dispensed, and his request was denied. Plaintiff claims he suffered coughing, vomiting, burning, throat, and headaches as a result. Plaintiff filed a grievance about the incident (JMF 06-11-02287-003D) and alleges that defendant McCabe threatened to transfer him if he continued to file frivolous grievances. Plaintiff filed another grievance on December 22, 2006 about another exposure to a chemical agent, and Defendant McMillan refused to file the grievance. Plaintiff tried to refile the grievance again on January 25, 2007, and McMillan again refused to file it. McMillan put Plaintiff on Modified Grievance Access Status on January 24, 2007. On January 27, 2007, Plaintiff mailed another Step I grievance to McMillan about exposure to a chemical agent on that date, and McMillan refused to file that grievance.

On January 29, 2007, Defendant Walters did a security classification screen review, and approved an increase in Plaintiff's security level. On January 30, 2007, Plaintiff was moved from a Level 2 facility to a Level 5 facility, based on an inaccurate classification screen. On March 23, 2007, Plaintiff mailed a complaint to MDOC Internal Affairs about McMillan's refusal to accept his grievances, but Internal Affairs notified Plaintiff on March 27, 2007 that it would not be investigating. On April 6, 2007, Defendant Carberry filed a corrected Security Classification Screen Review form to reflect the proper number of points, but Plaintiff was still continued at Level 5. Plaintiff alleges that he was denied parole in 2007, 2008 and 2009 based in part of the increased security classification. Plaintiff brings claims of cruel and unusual

[1] These facts are from the Amended Complaint filed 12/16/09, D/E #8.

punishment and retaliation. He seeks declaratory and injunctive relief (reduction in his security classification), compensatory damages of $1.6 million and punitive damages of $2.4 million.

Plaintiff acknowledges that he filed a prior lawsuit about these incidents naming different defendants (although Christopher Chrysler was named in the earlier lawsuit), *Askew v Bergh, et al.*, No. 2:07-cv-127, which was dismissed on October 4, 2007 pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c).

Plaintiff's initial complaint in this case was filed on August 19, 2008. He requested *in forma pauperis* status. The Court denied this request, issuing an Order to Show Cause on October 6, 2008. The Court noted these cases were dismissed as frivolous or for failure to state a claim: *Askew v. Blair, et al.*, No. 1:07-cv-636 (W.D. Mich. Apr 4, 2008); *Askew v. Bergh, et al.*, No. 2:07-cv-127 (W.D. Mich. Oct. 4, 2007); and *Askew v. Berrien County Jail, et al.*, No. 1:94-cv-663 (W.D. Mich. Nov. 8, 1994).

Plaintiff responded on October 22, 2008, claiming that he was not the "Corey A. Askew" in the case, *Askew v. Berrien County Jail, et al.*, No. 1:94-cv-00663 (W.D. Mich. 1994)." The Court was unable to determine whether Plaintiff is the same person, and thus granted the request for *in forma pauperis* status on June 5, 2009. [2] Plaintiff filed an Amended Complaint on December 16, 2009.[3]

In fact, Plaintiff was the plaintiff in *Askew v. Berrien County Jail, et al.*, No. 1:94-cv-663. Plaintiff here, Corey Alan Askew, prisoner number 248480, is confined at the Alger Maximum Correctional Facility. His sentences include Uttering and Publishing from Berrien County, Michigan, Case No. 92-1351-FH.[4]

---

[2] D/E #6, June 5, 2009 Order, p 2.
[3] D/E #8.
[4] Def Ex 1, OTIS profile (accessed 6/7/10).

Plaintiff was convicted of Uttering and Publishing in the Berrien County Circuit Court, in docket number 92-1351-FHH on September 8, 1992 and placed on probation for five years.[5] On March 22, 1993, a supplemental presentence investigation report for probation violation was issued, with a recommendation that Plaintiff spend 270 days in the Berrien County jail, with credit for 4 days as of March 22, 1993.[6]

On June 29, 1994 another probation violation report issued, recommending 150 days in the Berrien County Jail with credit for 8 days as of June 29, 1994.[7] Plaintiff was not released from the Berrien County Jail until November 10, 1994, and he thereafter absconded from probation.[8] Thus he was in the Berrien County Jail on August 22, 1994.

The case *Askew v. Berrien County Jail*, No. 1:94-cv-663, was filed on September 29, 1994.[9] The complaint alleges the plaintiff, Corey Alan (or Allan or Allen) Askew fell while attempting to walk down the stairs at the Berrien County Jail on August 22, 1994. The Magistrate Judge recommended dismissing the lawsuit as frivolous for failure to state a claim.[10] This recommendation was adopted by the Court on November 8, 1994.[11]

Plaintiff again violated probation on or about January 16, 1996.[12] On January 29, 1996, he was sentenced to probation with 365 days in the Berrien County Jail with credit for 161 days, and ordered to complete the MDOC 90-day Special Alternative Incarceration Program.[13]

---

[5] Def Ex 2, Presentence Investigation Report, Case No. 92-1351-FHH, 8-18-92; Def Ex 3, Probation Order, Case No. 92-1351-FHH, 9-9-92.
[6] Def Ex 4, Supplemental Report, Case No. 92-1351-FH-H, 3/22/93.
[7] Def Ex 5, Supplemental Report, Case No. 92-1351-FH-H, 6/29/94.
[8] Def Ex 6, Supplemental Report, Case No. 92-1351-FH-H, 8/31/95.
[9] Def Ex 7, Court's docket sheet, *Askew v. Berrien County Jail*, Case No. 1:94-cv-663.
[10] Def Ex 8, Report and Recommendation, Case No. 1:94-cv-663, 10/17/94.
[11] Def Ex 9, Judgment, Case No. 1:94-cv-663, 11/8/94.
[12] Def Ex 10, Supplement Report, Case No. 92-1351-FH-H, 1/17/96.
[13] Def Ex 11, Order Amending Probation, Case No. 92-1351-FH-H, 1/29/96.

On March 4, 1996, plaintiff was terminated from the SAI program for non-participation, thus he again violated his probation. This time the probation officer recommended revoking probation and sentencing Plaintiff to a prison term.[14] Plaintiff was received at the Department of Correction on 3/7/96.[15]

Therefore, despite different spellings of Plaintiff's middle name, he is the same person who was in the Berrien County Jail in 1994 on an Uttering and Publishing charge, Case No. 92-1351-FH-H, and who filed the lawsuit dismissed as frivolous, *Askew v. Berrien County Jail*, No. 1:94-cv-663.

[14] Def Ex 12, Supplemental Report, Case No. 92-1351-FH-H, 3/4/96.

[15] Def Ex 13, CMIS List of All Sentences, Corey Alan Askew No. 248480.

## ARGUMENT

**I. A prisoner is not entitled to proceed *in forma pauperis* if the prisoner has had three or more lawsuits dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff has had three lawsuits dismissed for one of those reasons, since he is in fact the plaintiff in *Askew v. Berrien County Jail,* No. 1:94-cv-663. The Court should revoke Plaintiff's *in forma pauperis* status in this case.**

A. Applicable Law.

The Prison Litigation Reform Act of 1995 (PLRA), Title VIII of Pub. L. 104-134, 110 Stat. 1321 (1996), enacted 28 U.S.C. § 1915(g), precludes prisoners from filing further *in forma pauperis* actions after three dismissals. The statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[16]

"The intent [of the provision] was to deter frivolous and vexatious prisoner litigation by exposing prisoners to the same financial risks and considerations faced by other litigants." Thus, an inmate with three strikes is required to pay the full filing fees for civil actions and appeals.[17] In such cases, the inmate is not entitled to take advantage of the periodic payments benefits of § 1915(b) but instead, is required to make full payment of the filing fee before his action may proceed. In *Dupree v. Palmer*, the court held that "the proper procedure is for the district court to dismiss the complaint without prejudice." [18]

A complaint is considered "frivolous" for purposes of the three-strike provision, "when the 'claim is based on an indisputably meritless legal theory,' or where a complaint's 'factual

---

[16] 28 U.S.C. § 1915(g).
[17] *In Re Alea*, 286 F.3d 378, 380 (6th Cir. 2002) [Internal Citations Omitted].
[18] *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

contentions are clearly baseless."[19] And, "appellate dismissals for lack of jurisdiction also count, as a strike, as a case or appeal that is devoid of jurisdiction is plainly frivolous". [20] In *Hains v. Washington,* the court held that "[a] frivolous complaint . . . followed by a frivolous appeal leads to a two 'strikes' under 28 U.S.C. § 1915(g)."[21] Dismissals of previous actions entered prior to the effective date of the PLRA also may be counted toward the inmate's strikes.[22]

A complaint is "malicious" for purposes of the "three strikes" provision if it is abusive of the judicial process.[23] In *Johnson*, the court recognized that federal courts have a responsibility to assess the nature of the allegations presented in an *in forma pauperis* civil action and determine whether the plaintiff's motion is to harass and vex the defendants or to seek redress for a legitimate claim. The courts stated, "In determining whether an action is malicious, the court must look not only to the complaint before it, but also the plaintiff's prior litigious conduct."[24]

"A prisoner who has filed prior civil actions should be aware of the dispositions of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue," and is required to apprise the court of his prior civil and appellate filings when he files his complaint and moves for permission to proceed *in forma pauperis*.[25] If a court has improvidently granted an inmate's request to proceed *in forma pauperis*, the status should be revoked and the complaint dismissed.[26]

---

[19] *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).
[20] *Anderson v. Sundquist,* 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1988).
[21] *Hains v. Washington,* 131 F.3d 1248, 150 (7th Cir. 1997) (quoting *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997); *see also, Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996), as amended at 1996 U.S. App. LEXIS 41289 (5th Cir. Dec. 31, 1996)).
[22] *Wilson*, 148 F.3d at 604.
[23] *Johnson v. Edlow,* 37 F. Supp. 2d 775 (E.D. Va. 1999).
[24] *Johnson*, 37 F. Supp. 2d at 776.
[25] *In Re Alea,* 286 F.3d at 382.
[26] See, *McFadden v. Parpan, et al.*, 16 F. Supp. 2d 246, 247 (E.D. N.Y. 1998) (citing *Witzke v. Hiller*, 966 F. Supp 538, 539 (E.D. Mich. 1997)).

B. Plaintiff's "Strikes".

As the Court previously noted in its show cause order of October 6, 2008, the following cases were dismissed as frivolous and/or for failure to state a claim:

> *Askew v. Blair, No*. 1:07-cv-636 (W.D. Mich. Apr. 4, 2008) (dismissed for failure to state a claim on April 4, 2008).
>
> *Askew v. Bergh*, No. 2:07-cv-127 (W.D. Mich. Oct. 4, 2007) (dismissed for failure to state a claim on October 4, 2007)
>
> *Askew v. Berrien County Jail*, No. 1:94-cv-663 (W.D. Mich. Nov. 8, 1994) (dismissed as frivolous and/or for failure to state a claim on November 8, 1994)

Plaintiff was disingenuous with the Court when he claimed he was not the plaintiff in *Askew v. Berrien County Jail*, Case No. 1:94-cv-663. Plaintiff has three strikes, and he is not entitled to *in forma pauperis* status. Plaintiff should be required to pre-pay the filing fee in full before this case proceeds further.

Moreover, Defendants contend that this lawsuit is frivolous and malicious, as Plaintiff is attempting to relitigate claims regarding the increase in his security classification and denial of parole, which were already dismissed as frivolous in *Askew v. Bergh*, No. 2:07-cv-127.

**CONCLUSION**

Plaintiff has had three prior case dismissed as "strikes" and is not permitted to proceed *in forma pauperis*. Therefore, Defendants request that the Court immediately revoke Plaintiff's *in forma pauperis* status, and also dismiss this lawsuit as frivolous since it duplicates claims raised in *Askew v. Bergh, et al.*, No. 2:07-cv-127.

Respectfully submitted,

Michael A. Cox
Attorney General

*s/ Christine M. Campbell*
CHRISTINE M. CAMPBELL (P31138)
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
Phone: (517) 335-7021
Email: campbellc3@michigan.gov
[P31138]

Date: June 8, 2010

Campbell\2010 FED\20100015753A Askew\Mot & Brf to Revoke IFP Status

**CERTIFICATE OF SERVICE**

I certify that on **June 8, 2010**, I electronically filed **DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, BRIEF IN SUPPORT, INDEX OF EXHIBITS, and EXHBITS 1 through 13,** with the Clerk of the Court using the ECF system and I certify that my secretary, Joleen McQuiston, has mailed by U.S. Postal Service the papers to the following non-ECF participant(s):

Corey Askew #248480
*In Pro Per*
Alger Correctional Facility
N6141 Industrial Park Drive
Munising, MI 49862

*s/ Christine M. Campbell*
CHRISTINE M. CAMPBELL (P31138)
Assistant Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
Email: campbellc3@michigan.gov
(517) 335-7021
[P31138]