UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY ASKEW,   Case No. 08-13567

      Plaintiff,   Denise Page Hood
vs.   United States District Judge

VICKI McCABE, *et al.*,   Michael Hluchaniuk
                                       United States Magistrate Judge
      Defendants.
                                        /

**REPORT AND RECOMMENDATION
MOTIONS FOR ORDER REVOKING IFP (Dkt. 16, 19, 21, 31)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed a prisoner civil rights action on August 19, 2008 against defendants. (Dkt. 1). He requested *in forma pauperis* status. (Dkt. 2). The Court denied this request, issuing an order to show cause on October 6, 2008. (Dkt. 4). The Court noted these cases were dismissed as frivolous or for failure to state a claim: *Askew v. Blair, et al.*, 07-636 (W.D. Mich. Apr 4, 2008); *Askew v. Bergh, et al.*, 07-127 (W.D. Mich. Oct. 4, 2007); and *Askew v. Berrien County Jail, et al.*, 94-663 (W.D. Mich. Nov. 8, 1994). Plaintiff responded on October 22, 2008, claiming that he was not the "Corey A. Askew" in the case, *Askew v. Berrien County Jail, et al.*, 94-00663 (W.D. Mich. 1994). (Dkt. 5). The Court was unable to determine whether plaintiff is the same person, and thus granted the request for

*in forma pauperis* status on June 5, 2009. (Dkt. 6). This matter was referred to the undersigned on April 16, 2010. (Dkt. 9).

Defendants filed a motion for order to revoke plaintiff's *in forma pauperis* status based on the "three strikes" rule found in Prison Litigation Reform Act. (Dkt. 16).[1] The Court issued a scheduling order requiring plaintiff to file a response to the motion to dismiss by July 6, 2010. (Dkt. 17). The scheduling order specifically provided that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 17) (emphasis in original). Plaintiff failed to file a timely response to defendant's motion for order, had not moved for an extension of time, and had not notified the Court of any change in his address. Thus, the Court issued an order for plaintiff to show cause why his claims should not be dismissed for failure to file a response to defendants' motion. (Dkt. 26). On July 12, 2010, plaintiff filed a response to defendants' motion. (Dkt. 29).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motions be **GRANTED**, that plaintiff's *in forma pauperis* status be **REVOKED**, and that this matter be **DISMISSED** without prejudice.

## II.  PARTIES' ARGUMENTS

---

[1] Later served defendants filed identical motions on June 10, 2010 and July 28, 2010. (Dkt. 19, 21, 31). Plaintiff's response indicates that it is a response as to all defendants.

2

Report and Recommendation
Motions to Revoke IFP Status
*Askew v. McCabe*; Case No. 08-13567

Defendant argues that plaintiff was in fact the plaintiff in *Askew v. Berrien County Jail, et al.*, 94-663. Plaintiff here, Corey Alan Askew, prisoner number 248480, is confined at the Alger Maximum Correctional Facility. His sentences include Uttering and Publishing from Berrien County, Michigan, Case No. 92-1351-FH. (Dkt. 16, Ex. 1, plaintiff's OTIS profile). Plaintiff was convicted of Uttering and Publishing in the Berrien County Circuit Court, in docket number 92-1351-FHH on September 8, 1992 and placed on probation for five years. (Dkt. 16, Ex. 2, Presentence Investigation Report, Case No. 92-1351-FHH, 8-18-92; Ex. 3, Probation Order, Case No. 92-1351-FHH, 9-9-92). On March 22, 1993, a supplemental presentence investigation report for probation violation was issued, with a recommendation that plaintiff spend 270 days in the Berrien County jail, with credit for 4 days as of March 22, 1993. (Dkt. 16, Ex. 4, Supplemental Report, Case No. 92-1351-FH-H, 3/22/93). On June 29, 1994, another probation violation report issued, recommending 150 days in the Berrien County Jail with credit for eight days as of June 29, 1994. (Dkt. 16, Ex. 5, Supplemental Report, Case No. 92-1351-FH-H, 6/29/94). Plaintiff was not released from the Berrien County Jail until November 10, 1994, and he thereafter absconded from probation. (Dkt. 16, Ex. 5, Supplemental Report, Case No. 92-1351-FH-H, 6/29/94). Thus, defendants assert plaintiff was in the Berrien County Jail on August 22, 1994.

The case of *Askew v. Berrien County Jail*, 94-663, was filed on September

29, 1994. (Dkt. 16, Ex. 7, docket sheet). The complaint alleges the plaintiff, Corey Alan (or Allan or Allen) Askew fell while attempting to walk down the stairs at the Berrien County Jail on August 22, 1994. The Magistrate Judge recommended dismissing the lawsuit as frivolous for failure to state a claim. (Dkt. 16, Ex. 8, Report and Recommendation, Case No. 94-663, 10/17/94). This recommendation was adopted by the Court on November 8, 1994. (Dkt. 16, Ex. 9, Judgment, Case No. 94-663, 11/8/94).

Plaintiff again violated probation on or about January 16, 1996. (Dkt. 16, Ex. 10, Supplement Report, Case No. 92-1351-FH-H, 1/17/96). On January 29, 1996, he was sentenced to probation with 365 days in the Berrien County Jail with credit for 161 days, and ordered to complete the MDOC 90-day Special Alternative Incarceration Program. (Dkt. 16, Ex. 11, Order Amending Probation, Case No. 92-1351-FH-H, 1/29/96). On March 4, 1996, plaintiff was terminated from the SAI program for non-participation, thus he again violated his probation. This time the probation officer recommended revoking probation and sentencing Plaintiff to a prison term. (Dkt. 16, Ex. 12, Supplemental Report, Case No. 92-1351-FH-H, 3/4/96). Plaintiff was received at the Department of Correction on 3/7/96. (Dkt. 16, Ex. 13, CMIS List of All Sentences, Corey Alan Askew No. 248480). Based on the foregoing, defendants argue that, despite different spellings of plaintiff's middle name, he is the same person who was in the Berrien County Jail in 1994 on

an Uttering and Publishing charge, Case No. 92-1351-FH-H, and who filed the lawsuit dismissed as frivolous, *Askew v. Berrien County Jail*, Case No. 94-663.

In response, plaintiff argues that defendant has not provided evidence that he is the person who signed the complaint in the *Askew v. Berrien County Jail* case and thus, he does not have three strikes. Rather, according to plaintiff, defendants have merely shown that this plaintiff was "supposedly incarcerated" on the dates of the events mentioned in the *Askew v. Berrien County Jail* complaint. Plaintiff also argues that the three strikes law is an unconstitutional ex post facto law. Plaintiff does not dispute that the other two cases identified by defendants are in fact "strikes" within the meaning of the PLRA. (Dkt. 29).

## III. DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)

This matter should be dismissed pursuant to 28 U.S.C. § 1915(g), which provides in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).² Dismissal is proper "under the provisions of 28 U.S.C. § 1915(g) of the . . . [PLRA], which precludes the filing of in forma pauperis (IFP) civil actions by a prisoner who has had similar petitions dismissed as frivolous on three or more prior occasions." *Wilson v. Yaklich*, 148 F.3d 596, 599 (6th Cir. 1998). The plain language of the statute indicates that a prisoner is barred from *bringing* an action with pauper status if he *previously* had three or more actions dismissed on the grounds stated in § 1915(g). "This 'three strikes' provision of the [PLRA] is not an affirmative defense. It may be raised by a federal court sua sponte." *Bowker v. United States*, 2006 WL 2990519, *3 (N.D. Ohio 2006) (internal citation omitted), citing, *McFadden v. Parpan*, 16 F.Supp.2d 246, 247 (E.D. N.Y. 1998); *Wilson v. 52nd District Court*, 2002 WL 1009561, *1 (E.D. Mich. 2002); *Witzke v. Hiller*, 966 F.Supp. 538, 539 (E.D. Mich. 1997).

In this case, there is no dispute that *Askew v. Blair, et al.*, 07-636 (W.D. Mich. Apr 4, 2008) and *Askew v. Bergh, et al.*, 07-127 (W.D. Mich. Oct. 4, 2007) constitute strikes within the meaning of the PLRA. There is also no question that the *Askew v. Berrien County Jail* case would be a strike if the current plaintiff is the same plaintiff in that case. The question before the Court is whether defendants have provided sufficient evidence to establish that the current plaintiff

---

² There is no allegation that plaintiff is under imminent danger, therefore, that exception to the three "strikes" rule does not apply in these circumstances.

is the same plaintiff as in *Askew v. Berrien County Jail* and thus, this case counts as a strike against plaintiff. Notably, the burden is not on plaintiff to establish an absence of three strikes. *Thompson v. DEA*, 492 F.3d 428, 435 (D.C. Cir. 2007). Rather, evidence showing the grounds for prior dismissals must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself. *Id*. at 435-436. Once such evidence has been produced, "the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes." *Id*. at 436. The undersigned concludes that defendants have come forth with sufficient evidence to establish that plaintiff is, in fact the plaintiff in *Askew v. Berrien County Jail* and that this case should, in fact count as a strike against plaintiff. Defendants have established that plaintiff was in the custody of the Berrien County Jail at the time of the events complained of in the *Askew v. Berrien County Jail* case. Plaintiff has not, however, come forward with any evidence to contradict this conclusion. Plaintiff's implied assertion that there must have been some other person named "Corey A. Askew" housed in the same jail at the same time is so highly unlikely that the undersigned concludes that plaintiff's position must be rejected.

In any event, even if *Askew v. Berrien County Jail* is not counted as a strike against plaintiff, another strike can be found in the appeal of *Askew v. Blair*, District Court Case No. 07-636, Court of Appeals Case No. 08-1603. In this

appeal, the Court affirmed the dismissal below and this counts as an additional strike against plaintiff. *See, e.g.*, *Williams v. Newell*, 22 Fed.Appx. 581 (6th Cir. 2001) (appeal from a dismissal without prejudice was frivolous and should count as a strike under § 1915(g)); *Cohen v. Corrections Corp. of Amer.*, 2009 WL 3259124 (N.D. Ohio 2009) ("[I]f a complaint is dismissed as meeting one of those three criteria [failure to state a claim, frivolous, or malicious] and an appellate court upholds the dismissal, the inmate earns two strikes."); *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997) ("dispositions of both his complaint and his appeal are "strikes" under § 1915(g)"); *Healey v. Wisconsin*, 65 Fed.Appx. 567 (7th Cir. 2003) (inmate "brought due process claim that was barred by precedent, and earned second strike for taking appeal from dismissal of that action."). Based on the foregoing, the undersigned concludes that plaintiff has three strikes within the meaning of the PLRA, regardless of whether the dismissal of the *Askew v. Berrien County Jail* is counted against him.

Finally, the undersigned notes that the three strikes provision of the PLRA, contrary to plaintiff's assertions, has been held constitutional against a multitude of challenges. *See Jones v. Frontera*, 2009 WL 3066659 (W.D. Mich. 2009) ("The Sixth Circuit has upheld the constitutionality of the 'three-strikes' rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation."),

citing, *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998).

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendants' motions be **GRANTED**, that plaintiff's *in forma pauperis* status be **REVOKED**, and that this matter be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 2, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 2, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Christine M. Campbell, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Corey Askew, ID# 248480, ALGER MAXIMUM CORRECTIONAL FACILITY, Industrial Park Drive, Post Office Box 600, Munising, MI 49862.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov